UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DAMON RAY HOLLINGSWORTH,

    Plaintiff,

v.

HENNEPIN COUNTY MEDICAL CENTER,
PAMELA NOONE, and
CRAIG N. QUALEY,

    Defendants.

Civil No. 12-1976 (DSD/TNL)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied and the action dismissed if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be "fanciful,"

"fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In some cases, it may be difficult to discern whether a plaintiff's allegations are truly "delusional," or merely "unlikely." This, however, is not such a case. Plaintiff's pleading is an incomprehensible collage of bizarre phrases and sentence fragments. Plaintiff's entire eleven-page submission is incoherent.

Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." Without a doubt, the complaint is "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(I).

[Continued on next page.]

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


Dated: September  4th  , 2012

                                                                  *s/ Tony N. Leung*
                                                              TONY N. LEUNG
                                                              United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 19, 2012**.